# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Alex Lunder,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joe Arpaio,<br><br>　　　　　Defendant.<br>_____ | No. CV 05-3662 PHX ROS (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to provide a current address and to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on November 15, 2005, complaining about the conditions at the Durango Jail in Phoenix, Arizona. By Order dated November 21, 2005, the Clerk of Court was ordered to send a service packet to the Plaintiff [Docket No. 4]. The service packet was returned and the Defendant executed a waiver of service on December 23, 2005 [Docket No. 5]. The Defendant, on February 9, 2006, filed a Motion to Dismiss [Docket No. 6]. The Court thereafter issued an order directing Plaintiff to respond by March 14, 2006 [Docket No. 7]. On February 28, 2006, the order was returned as undeliverable [Docket No. 8]. The reason noted for the return was Plaintiff's release.

In Judge Silver's order dated November 21, 2005, Plaintiff was warned that the failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Moreover, Plaintiff has failed to respond to the pending motion within the time provided by the rules and by the Court. As the Plaintiff has failed timely to respond to the Motion to Dismiss and has failed to inform the Court of his current whereabouts, he has failed to pursue the prosecution of his case and he is in violation of Judge Silver's order. Moreover, without a current address, there is little the Court can do to attempt to remedy this situation. As such, dismissal of this action with prejudice is appropriate. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-3662-PHX-ROS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 31st day of March, 2006.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge